## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  18- |
| v. | : | DATE FILED:   July 10, 2018 |
| DAVID SOMMERS | : | VIOLATIONS: |
| | | 18 U.S.C. § 554  (smuggling – 1 count) |
| | : | 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(i) |
| | | (Lacey Act false labeling – 1 count) |
| | : | 16 U.S.C. §§ 3372(a)(2), 3373(d)(1) |
| | | (Lacey Act trafficking – 4 counts) |
| | : | Notice of forfeiture |

## I N D I C T M E N T

## COUNT ONE

### (Smuggling Goods from the United States)

**THE GRAND JURY CHARGES THAT:**

1.     At all times relevant to the indictment, defendant DAVID SOMMERS was a resident of Levittown, Pennsylvania.

2.     The United States, Canada, and approximately 181 other countries are signatories to a multilateral treaty called the Convention on International Trade in Endangered Species of Wild Fauna and Flora, 27 U.S.T. 1087, T.I.A.S. 8249 (commonly referred to as "CITES"). CITES provides a mechanism for regulating international trade in species whose survival is considered threatened by trade.

3.     The purpose of CITES is to monitor the trade of and to protect fauna and flora from commercial activities that might diminish the capability of any species to survive in the wild. CITES classifies wildlife and plants in three appendices (Appendix I, II, and III) which give specific trade protection to fauna and flora. International trade in species listed in these

Appendices is monitored and regulated by permits and quotas. The permit restrictions apply to live and dead specimens, as well as the skins, parts, and products made in whole or in part from a listed species. Appendix II of CITES includes wildlife, fish, and plant species that are not presently threatened with extinction but may become so if their trade is not regulated. Under Appendix II of CITES, a species may be exported from a country only if, prior to exportation, the exporter applies for and obtains a valid CITES export permit issued by the country of origin.

4.      Species of turtles and tortoises listed in Appendix I and II of CITES are prohibited from export by Title 50, Code of Federal Regulations, Part 23.13, which states:

> except as provided in § 23.92, it is unlawful for any person subject to the jurisdiction of the United States to conduct any of the following activities unless they meet the requirements of this part: Import, export, re-export, or engage in international trade with any specimen of a species listed in Appendix I, II, or III of CITES.

The exporter is required to provide all pertinent information as well as submit Federal Fish and Wildlife Application Form 3-200-24, 3-200-27, and/or 3-200-37.

5.      CITES is implemented in the United States by the Endangered Species Act of 1973 (the "ESA"), which directs the U.S. Fish and Wildlife Service ("USFWS") to administer the treaty. 16 U.S.C. §§ 1537a, 1540(f). The ESA makes it unlawful to knowingly "trade in any specimen contrary to the provisions of [CITES], or to possess any specimen traded contrary to the provisions of [CITES]." 16 U.S.C. §§ 1538(c)(1), 1540(b)(1). "Trade," in this context, includes the export from the United States. The USFWS has issued extensive regulations incorporating the specific permit requirements and provisions of CITES and listing the species contained on the CITES appendices. 50 C.F.R. Part 23.

6.      The diamondback terrapin (*Malaclemys terrapin*), named for the diamond-shaped growth rings on its top shell, is an aquatic turtle native to the tidal salt marshes of the eastern and

southern United States. In the northeastern United States, diamondback terrapins are native to coastal waters of Massachusetts, Rhode Island, Connecticut, New York, New Jersey, and Delaware. Diamondback terrapins do not occur in the wild in Pennsylvania. The diamondback terrapin has been listed in Appendix II of CITES since December 6, 2013.

7.     In addition to the requirements of CITES and the ESA, federal law generally requires that all wildlife, including turtles, or parts thereof, be declared to USFWS prior to their export from the United States. When exporting any wildlife, exporters or their agents must file with the USFWS a completed Declaration for Importation or Exportation of Fish, Wildlife, or Plants (Form 3-177). A USFWS or United States Customs and Border Protection officer must clear (or refuse) animals being exported from the United States, and the exporter or his agent must make available to the officer the animals being exported, as well as all required permits, licenses or other documents. 50 C.F.R. Part 14.

8.     The Lacey Act regulates the trafficking and labeling of wildlife, fish, and plants. The Lacey Act makes it unlawful for any person to knowingly "import, export, transport, sell, receive, acquire, or purchase in interstate of foreign commerce . . . any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State or in violation of foreign law." 16 U.S.C. §§ 3372(a), 3373(d). The Lacey Act also makes it unlawful to knowingly "make or submit any false record, account, or label for, or any false identification of, any fish, wildlife, or plant which has been, or is intended to be . . . transported in interstate or foreign commerce." 16 U.S.C. §§ 3372(d), 3373(d).

9.     As it relates to diamondback terrapins, New Jersey law was amended in 2016 to provide:

a.     Title 23, New Jersey Statute, Section 23:2A-4.1, designates diamondback terrapins as a nongame indigenous species and subjects them to the laws, rules, and regulations governing the importation, care, possession, and breeding of that type of animal.

b.     Title 23, New Jersey Statute, Section 23:2A-6(2) prohibits the taking, possession, transport, import, export, processing, sale or offer for sale, or shipment of any species listed as a nongame species regulated pursuant to 23:2A-1 *et seq*.

10.     On or about August 7, 2014, in the Eastern District of Pennsylvania and elsewhere, the defendant

**DAVID SOMMERS**

did knowingly export and send, from the United States to Canada, merchandise, that is, diamondback terrapins, contrary to U.S. law, in that he did not obtain a CITES permit and did not declare the merchandise to an official of the United States Government upon its shipment from the United States, in violation of the Endangered Species Act and contrary to CITES, in violation of 16 U.S.C. § 1538(c)(1) and 50 C.F.R. Parts 14, 17, and 23.

All in violation of Title 18, United States Code, Section 554.

4

## COUNT TWO

### (Lacey Act False Labeling)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs one through nine of Count One are incorporated here.

2.    On or about August 7, 2014, in the Eastern District of Pennsylvania and elsewhere, defendant

### DAVID SOMMERS

knowingly made and submitted, and caused to be made and submitted, a false record, account, label for, and a false identification of, wildlife, that is, a package containing approximately 11 diamondback terrapins, that were transported and were intended to be transported in foreign commerce and exported, in that SOMMERS made and submitted, and caused another to make and submit, to a transportation company for transport to Canada, an International Air Waybill and a Commercial Invoice that falsely indicated that the package contained a book or booklet valued at $10 U.S. dollars.

In violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(i).

## COUNT THREE

### (Lacey Act Trafficking)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs one through nine of Count One are incorporated here.

2.      From on or about January 18, 2017, through October 11, 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

### DAVID SOMMERS

knowingly engaged in conduct that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife with a market value in excess of $350, that is, approximately 20 diamondback terrapins, and knowingly sold that wildlife in interstate commerce to a buyer in Amherst, New York, knowing that the wildlife was taken, possessed, and transported in violation of, and in a manner unlawful under, the laws and regulations of New Jersey, specifically, Title 23, Sections 23:2A-4.1 and 23:2A-6(2).

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B).

## COUNT FOUR

### (Lacey Act Trafficking)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs one through nine of Count One are incorporated here.

2.     On or about April 13, 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

### DAVID SOMMERS

knowingly engaged in conduct that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife with a market value in excess of $350, that is, approximately 120 diamondback terrapins, and knowingly sold that wildlife in interstate commerce to a buyer in La Crosse, Wisconsin, knowing that the wildlife was taken, possessed, and transported in violation of, and in a manner unlawful under, the laws and regulations of New Jersey, specifically, Title 23, Sections 23:2A-4.1 and 23:2A-6(2).

         All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B).

7

## COUNT FIVE

### (Lacey Act Trafficking)

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     Paragraphs one through nine of Count One are incorporated here.

      2.     On or about October 23, 2017, in the Eastern District of Pennsylvania and

elsewhere, defendant

### DAVID SOMMERS

knowingly engaged in conduct that involved the sale and purchase of, the offer of sale and

purchase of, and the intent to sell and purchase, wildlife with a market value in excess of $350,

that is, approximately 118 diamondback terrapins, and knowingly sold that wildlife in interstate

commerce to a buyer in Fresh Meadows, New York, knowing that the wildlife was taken,

possessed, and transported in violation of, and in a manner unlawful under, the laws and

regulations of New Jersey, specifically, Title 23, Sections 23:2A-4.1 and 23:2A-6(2).

      All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and

3373(d)(1)(B).

## COUNT SIX

### (Lacey Act Trafficking)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs one through nine of Count One are incorporated here.

2. On or about October 24, 2017, in the Eastern District of Pennsylvania and elsewhere, defendant

### DAVID SOMMERS

knowingly engaged in conduct that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase, wildlife with a market value in excess of $350, that is, approximately 3,442 diamondback terrapins, and knowingly acquired and transported that wildlife in interstate commerce, knowing that the wildlife was taken, possessed, and transported in violation of, and in a manner unlawful under, the laws and regulations of New Jersey, specifically, Title 23, Sections 23:2A-4.1 and 23:2A-6(2).

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     The allegations contained in Counts Two through Six of this indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 16, United States Code, Section 3374(a)(1) with Title 28, United States Code, Section 2461(c).

2.     Upon conviction of any of the felony offenses charged in Counts Two through Six of this indictment, defendant

### DAVID SOMMERS,

shall forfeit to the United States of America, all wildlife imported, exported, transported, sold, received, acquired, or purchased in criminal violations of Title 16, United States Code, Sections 3372(d)(2) and 3372(a)(2).

3.     If any property being subject to forfeiture pursuant to Title 16, United States Code, Sections 3374(a)(1) with Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for the in personam criminal forfeiture money judgment.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 16, United States Code, Section 3374(a)(1).

A TRUE BILL:

_____

GRAND JURY FOREPERSON

_____

WILLIAM M. MCSWAIN
UNITED STATES ATTORNEY